**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Inland Western Avondale McDowell,
L.L.C.,

              Plaintiff,

    vs.

Mark J. Wattles,

              Defendant.

No. CV-11-02277-PHX-PGR

ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment (Doc. 22).  Having considered the parties' memoranda in light of the record, the Court finds that the motion should be denied.

Plaintiff Inland Western Avondale McDowell, L.L.C. removed this breach of contract action to this Court solely on the basis of diversity of citizenship jurisdiction. The complaint seeks damages from defendant Mark J. Wattles for breach of a personal guaranty ("Guaranty") he entered into on January 25, 2010, wherein he guaranteed the obligations incurred by Ultimate Acquisition Partners, L.P. d/b/a Ultimate Electronics ("Ultimate") under a commercial real estate lease.  The complaint alleges that the defendant has defaulted on his obligations under the Guaranty by failing to make the payments demanded from him after Ultimate

1  defaulted on its rent and other payments required of it under its lease.[1]

2          The Court concludes that summary judgment is not appropriate because the

3  Court cannot determine as a matter of law from the record before it that the plaintiff

4  is a proper party to maintain this action. *See* American Triticale, Inc. v. Nytco

5  Services, Inc., 664 F.2d 1136, 1141 (9th Cir.1981) (Whether a plaintiff is the real

6  party in interest under Fed.R.Civ.P. 17(a) in a federal diversity suit depends on

7  whether the plaintiff is a proper party to maintain the action under the applicable

8  state law.)  The Guaranty provides that it is to be enforced pursuant to the laws of

9  Arizona.  Under Arizona law, it is axiomatic that to prevail on a breach of contract

10 claim the initial element that the plaintiff must prove is that a contract existed

11 between it and the defendant. Goodman v. Physical Resource Engineering, Inc., 270

12 P.3d 852, 855 (Ariz.App.2011); Stratton v. Inspiration Consolidated Copper Co., 683

13 P.2d 327, 330 (Ariz.App.1984) (Without privity of contract, a plaintiff has no claim for

14 a personal judgment sounding in breach of contract.)

15         Although the defendant has not raised it as an issue, the record does not

16 establish that the plaintiff is in privity of contract with the defendant for purposes of

17 enforcing the Guaranty.  The issue here is that the plaintiff is seeking to enforce a

18 contract to which it is not a named party.  The Guaranty, which is part of the record,

19 is solely between the defendant and a non-party to this action, Inland Southwest

20 Management LLC, which is defined in the Guaranty as the "Landlord;" the plaintiff

21

22 _____

23     [1]
           Ultimate only paid the first two months of its rent obligations. It apparently
24 never opened its store at the leased premises, and it filed for bankruptcy in January,
   2011; it formally rejected the lease as part of the bankruptcy proceedings in March
25 2011.  Ultimate's bankruptcy does not affect the defendant's obligations under the
   Guaranty.
26

is nowhere mentioned in the Guaranty.[2]   Neither the plaintiff's complaint, its summary judgment memoranda, or its statement of facts makes any reference to the plaintiff being a successor or assign of Inland Southwest Management LLC, or that it is a third-party beneficiary of the Guaranty, or that it is a proper party to bring this action in some other legally cognizable capacity.   The plaintiff is thus not entitled to entry of summary judgment in its favor because on the present record it has failed to make a showing sufficient to establish the existence of an essential element on which it bears the burden of proof.

But even if the plaintiff is deemed to be the proper party to bring this action, based on relevant facts not presented to the Court, the Court further concludes that summary judgment on damages is not appropriate due to the issue of the reasonableness of the plaintiff's efforts to mitigate its damages.   In Arizona, "[a]

---

[2]

The first sentence of the Guaranty states: "This PERSONAL GUARANTY ("this Guaranty"), dated as of January 25, 2010, is made by MARK J. WATTLES ("Guarantor") in favor of INLAND SOUTHWEST MANAGEMENT LLC, a Delaware limited liability company (the "Landlord"), and its permitted successors and assigns, with reference to the facts set forth below."

All of the defendant's obligations under the Guaranty are to the Landlord, *i.e.* Inland Southwest Management LLC. The Guaranty provides, by way of brief example, that the defendant was agreeing to guaranty Ultimate's obligations to the Landlord under the store lease as an inducement to and in consideration for the Landlord to enter into the lease with Ultimate, and that the Landlord could bring a separate action against the defendant under the Guaranty without proceeding directly against Ultimate.

The Court notes that while the complaint alleges that the lease underlying the Guaranty was between Ultimate and "Plaintiff, as landlord," that is not correct. While the plaintiff is a named party to the lease, it is solely in the capacity as "Owner" of the shopping center where Ultimate's store was to be located.   The lease designates the "Landlord" as Inland Southwest Management LLC,  acting as agent for the owner.   All of the substantive provisions of the lease are between Inland Southwest Management, as the landlord, and Ultimate.

basic principle of the law of damages is that one who claims to have been injured by a breach of contract must use reasonable means to avoid or minimize the damages resulting from the breach[,]" and the party who fails to do so is precluded from recovering damages that were avoidable. West Pinal Family Health Center, Inc. v. McBryde, 785 P.2d 66, 68-69 (Ariz.App.1989).  In the case of a breached lease, this duty to mitigate damages means that the landlord is required to make reasonable efforts to rent the abandoned premises at a fair rent; the landlord is entitled to the full amount of the rent due under the lease if it makes a reasonable effort to relet the premises, even if that effort is unsuccessful. Tempe Corporate Office Building v. Arizona Funding Services, Inc., 807 P.2d 1130, 1135 (Ariz.App.1991).   The defendant, as the party in breach, has the burden of proving that mitigation of damages was reasonably possible but was not reasonably attempted. Fairway Builders, Inc. v. Malouf Towers Rental Co., 603 P.2d 513, 526 (Ariz.App.1979). The gist of the defendant's mitigation-related argument is that the plaintiff failed to act reasonably to mitigate its damages because it took at least 16 months to negotiate an agreement with Ross Dress for Less to take over the premises abandoned by Ultimate, while failing to reasonably consider other potentially suitable tenants.[3]

---

[3] The Court notes that the Ninth Circuit has deemed the failure to mitigate damages to be an affirmative defense notwithstanding that it is not enumerated as such in Fed.R.Civ.P. 8(c)(1).  999 v. C.I.T. Corp., 776 F.2d 866, 870 n.2 (9th Cir.1985); Biltmore Bank of Arizona v. First National Mortgage Sources, L.L.C., 2008 WL 564833, at *9 and n.9 (D.Ariz. Feb. 26, 2008).  The defendant did not allege mitigation as a defense in his answer.  Normally such a failure would constitute a waiver of that defense, but the Court will allow it here because the plaintiff has not objected to the defense on the basis of waiver and because the plaintiff is not prejudiced given that the defendant raised the issue of mitigation of damages as an issue in the parties' Joint Case Management Report (Doc. 10, at 2) ("Defendant does not concede liability at this time but anticipates the amount of damages, given Plaintiff's mitigation requirements, to be an issue in this case.")  See Apache Survival

The issues of whether the plaintiff used reasonable means under the circumstances to avoid or minimize its damages stemming from Ultimate's breach of the lease and how much its damages could have been minimized by reasonable mitigation efforts is a question of fact, not one of law. Britt v. Red Mesa Unified School Dist. No. 27, 799 P.2d 9,11 (Ariz.App.1990); Biltmore Bank of Arizona v. First National Mortgage Sources, L.L.C., 2008 WL 564833, at *9 (D.Ariz. Feb. 26, 2008) (same). The defendant has submitted some evidence supporting its contention that it was unreasonable for the plaintiff to take more than 90 days to negotiate with a tenant to replace Ultimate and that the plaintiff unduly concentrated on getting Ross Dress for Less as the replacement tenant. The Court concludes that this evidence of record, together with all reasonable inferences supported by that evidence, all construed in the light must favorable to the defendant, is sufficient, albeit marginally so, to show that a genuine dispute of material fact exists regarding the reasonableness of the plaintiff's mitigation efforts. While the plaintiff argues in its reply that it is "simply not true" that it is unreasonable for a commercial lease to take 16 months to negotiate and has submitted some evidence related to its mitigation efforts that may cast significant doubt about the merits of the defendant's mitigation-related contentions, that is not an issue that the Court can resolve on summary judgment. The Court also cannot resolve on summary judgment the related issue of whether the reasonably mitigated damages owed by the defendant equal or

---

Coalition v. United States, 21 F.3d 895, 910 (9th Cir.1994) (Matters raised in opposition to a summary judgment motion that are outside of the scope of a pleading are to be construed as request pursuant to Fed.R.Civ.P. 15 to amend the pleading out of time.)

exceed his maximum liability under the Guaranty.[4]

Another reason why the Court is not willing to resolve through summary judgment the issue of the damages the plaintiff may be entitled to is the question of whether the defendant has obtained all of the discovery he may be entitled to on the issue of damages. The Court agrees with the plaintiff that the denial of its summary judgment motion as a discovery-related sanction is not appropriate based on the arguments and evidence submitted by the defendant, given that the discovery-related problems raised by the defendant are partially the result of his own dilatory discovery requests.   Nevertheless, the Court is not convinced that discovery problems are irrelevant here, despite the defendant's failure to properly file a motion for discovery-related sanctions or to properly raise a Fed.R.Civ.P. 56(d) issue.

Because the Court is not granting summary judgment for either party, the Court will set a status hearing wherein the Court will review with counsel the various issues that need to be resolved in this action before a trial date can be set, which include the issues of the plaintiff's capacity to bring this action and whether all relevant requested discovery has been produced. The Court expects the parties' counsel to personally discuss all remaining issues and to make a reasonable attempt to resolve them prior to the status conference, as well as to discuss a proposed

---

[4]   The Guaranty provides that "[i]n no event shall Guarantor's obligation exceed $675,000.00 plus costs of collection (hereinafter defined as "Guarantor's Maximum Liability.")   The Court notes that it cannot determine from the record whether the defendant's maximum liability is actually $675,000 because that figure can be reduced given that the immediately following Guaranty provision states that "Guarantor's Maximum Liability shall be reduced monthly beginning with the second (2nd) month following the commencement date of the Lease by an amount equal to the sum of the monthly Minimum Rent and the monthly Additional Rent then payable pursuant to the Lease."  The plaintiff does not explain whether this latter provision has any application to the calculation of the defendant's maximum liability.

schedule for bringing this action to trial readiness.  The Court will also require the parties to file a joint status report prior to the status conference that sets forth the results of their discussions and their proposed schedule.

Therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 22) is denied.

IT IS FURTHER ORDERED that the parties shall file a joint status report no later than May 6, 2013.

IT IS FURTHER ORDERED that a status conference shall be held on **Monday, May 13, 2013, at 11:30 a.m.**, in Courtroom 601.

DATED this 25th day of March, 2013.

Paul G. Rosenblatt
United States District Judge

.

- 7 -