**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Inland Western Avondale McDowell, L.L.C., | |
| Plaintiff, | No. CV-11-02277-PHX-PGR |
| vs. | ORDER |
| Mark J. Wattles, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Judgment on the Pleadings, filed April 15, 2013.  Having reviewed the motion, the Court finds that it should be summarily denied.

The defendant's motion, which was filed pursuant to Fed.R.Civ.P. 12(c), seeks the dismissal of this action on the ground that the plaintiff is not a named party to the guaranty underlying this action and is therefore not the proper party in interest to maintain this action.  The Court first pointed out this issue to the parties in its order (Doc. 42) denying Plaintiff's Motion for Summary Judgment.

The Court concludes that the defendant's motion is improper for several reasons.  First, it is untimely inasmuch as the Amended Scheduling Order (Doc. 18) set September 28, 2012 as the deadline for filing dispositive motions.  The

1  defendant may not now file such a motion without seeking the Court's permission
2  pursuant to Fed.R.Civ.P. 16(b)(4) to modify the scheduling order and he has made
3  no effort to do so. *See* Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-
4  08 (9th Cir.1992) ("Orders entered before the final pretrial conference may be
5  modified upon a showing of 'good cause,'" but the court may deny an untimely
6  motion "where no request to modify the order has been made."); U.S. Dominator,
7  Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th Cir.1985) (Court
8  affirmed the denial of a summary judgment motion as untimely as it was filed after
9  the scheduling order cut-off date and no request to modify the order had been
10 made.)  The language of Rule 12(c) does not trump the requirement of Rule 16(b)
11 that the Court's permission must be obtained prior to filing an untimely Rule 12(c)
12 motion. Riggins v. Walter, 279 F.3d 422, 427-28 (7th Cir.1995) ("Rule 12(c) does not
13 restrict the court's discretion under Rule 16(b).  [W]e now hold that a Rule 12(c)
14 motion may be brought after the dispositive motions deadline if the moving party
15 complies with the requirements of Rule 16(b) *and* if it will not delay trial.") (emphasis
16 in original); Argo v. Woods, 399 Fed.Appx. 1,2010 WL 3522047, at *2 (5th Cir. Sept.
17 10, 2010) (same).  In addition, even if the Court were construe the defendant's
18 motion as requesting permission to file an untimely Rule 12(c) motion, the defendant
19 has failed to demonstrate good cause as required by Rule 16(b) because he has not
20 given "a persuasive reason why the date[] originally set by the scheduling order for
21 the filing of dispositive motions could not reasonably be met despite the diligence of
22 the party seeking the extension." Argo, at *2.  The issue regarding the plaintiff's right
23 to litigate this action should have been clear to the defendant once a copy of the
24 underlying guaranty was obtained through discovery.
25      Furthermore, even if the defendant could establish good cause for the
26

untimely filing, the defendant has made no effort to explain why a dismissal of the action is warranted at this time given the requirements of Fed.R.Civ.P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.")  This rule is one of the reasons the Court required the parties in its summary judgment order to confer regarding the remaining issues in this action and to file a joint status report about their conference by May 6, 2013. Therefore,

IT IS ORDERED that Defendant's Motion for Judgment on the Pleadings (Doc. 43) is summarily denied.

IT IS FURTHER ORDERED that all future documents filed in this action must be captioned according to the party capitalization requirement of LRCiv 7.1(a)(3) ("Party names must be capitalized using proper upper and lower case type.")

DATED this 16th day of April, 2013.

Paul G. Rosenblatt
United States District Judge